**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ORELLANA-GUZMAN, | No. 15-70888 |
| Petitioner, | Agency No. A095-755-024 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2018[**]
Pasadena, California

Before: IKUTA and N.R. SMITH, Circuit Judges, and MCNAMEE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

Jose Orellana-Guzman petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

Assuming *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), is still good law, *cf. Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236–37 (BIA 2014), Orellana-Guzman did not establish membership in a proposed social group of "witnesses of gang violence." Such a group "is limited to those informants who are discovered because they *appear as witnesses* or otherwise come to the attention of cartel members," *Henriquez-Rivas*, 707 F.3d at 1092 (citation omitted), and Orellana-Guzman did not testify against the gang members, nor tell the police he saw the gang commit murder. Nor did Orellana-Guzman establish he was targeted on account of his membership in a different social group; we have held that "young men in El Salvador resisting gang violence" does not constitute a particular social group because the class "is too loosely defined to meet the requirement for particularity." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008), *overruled on other grounds by Henriquez-Rivas*, 707 F.3d at 1093. Therefore, the BIA's decision that Orellana-Guzman failed to establish past persecution on account of membership in a particular social group is

2

supported by substantial evidence.  *See Reyes v. Lynch*, 842 F.3d 1125, 1137–38 (9th Cir. 2016).

Because Orellana-Guzman failed to establish past persecution and does not "specifically and distinctly" challenge the BIA's finding that internal relocation was possible, *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005), his claims for asylum and withholding of removal necessarily fail, *see* 8 C.F.R. § 1208.16(b)(1)(i)(B), (b)(3)(i); *id.* § 1208.13(b)(1)(i)(B), (b)(3)(i).  In any event, such a claim would be meritless because Orellana-Guzman admitted that he was not harassed by gangs while living in Sonsonate, and his subjective belief that the gangs are "everywhere" does not compel the conclusion that it is unreasonable for him to relocate in El Salvador.  *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011).

Substantial evidence also supports the BIA's order denying Orellana-Guzman's CAT claim because there is no evidence in the record that the El Salvadoran government is willfully blind to gang members harassing its citizens, and the Country Report shows that numerous gang members have been prosecuted for violent crimes.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).

**PETITION DENIED.**